GRACEY, JUDGE:
This claim was bifurcated for separate hearings upon the issues of liability and damages. On December 19, 1985, the Court issued its opinion, upon the liability issue, finding that it was the obligation of the respondent, upon accepting the right of way instrument it had prepared and amended, and upon then constructing a 24-inch drain under property of Yeager, Incorporated, to restore the property, including the buildings, to as near original (preconstruction) condition as possible. The respondent had failed to so restore the property, and further property damage had resulted.
The Court heard evidence on the issue of damages, the cost of property restoration and repair, on January 14, 1986. At that hearing, claimant Yeager Ford Sales, Inc. withdrew the claim it had made for damages, for business interruption.
John E. Caffrey, an engineer and consultant, testified concerning his inspection of the property and his estimate of cost in the amount of $131,500.00 dated October 6, 1983. An estimate of cost submitted by Osborne Brothers Construction, Inc., dated October 25, 1983, in the amount of $140,500.00, was also in evidence. A bid of Swope Construction Services, Inc., dated December 30, 1985, was presented. The Swope bid included an item of $2,760.00 as the cost of replacing 46 linear feet of the newly installed 24-inch storm sewer should it be found to be damaged or should it be damaged in performing the other work. This item is too speculative for the Court to consider.
After careful consideration of all of the above estimates and oral testimony concerning same, the Court makes an award in the amount of $136,211.00 to Yeager, Incorporated.
Award of $136,211.00 to Yeager, Incorporated.